LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

GROBERT HAMANN,
*on behalf of himself,*
*FLSA Collective Plaintiffs and the Class,*

        Plaintiff,

   v.

ROSS WINDOW CORP., MARTIN ROSENBERG,
MICKY ROSS and EVAN ROSS,

        Defendants.

---

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff GROBERT HAMANN ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, ROSS WINDOW CORP., MARTIN ROSENBERG, MICKY ROSS and EVAN ROSS (each individually, "Defendant" or collectively, "Defendants"), and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and other similarly situated individuals are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff also alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and statutory penalties and (3) attorneys' fees and costs.

3. Plaintiff further alleges, pursuant to NYLL §220 and the New York State Constitution Article I §17, that he and others similarly situated are entitled to recover from Defendants unpaid prevailing wages.

## JURISDICTION AND VENUE

4. Defendant's corporate headquarters is located in Westchester County, New York.

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 1337 and 1343. It further has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

7. Plaintiff GROBERT HAMANN is a resident of Bronx County, New York.

8. Defendant ROSS WINDOW CORP. is a domestic limited liability company organized under the laws of the State of New York with an address for service of process and principal place of business located at 4 Mt. Vernon Avenue, 12th Floor, Mt. Vernon, NY 10550-2418.

9. Upon information and belief, Individual Defendant MARTIN ROSENBERG is the Chief Executive Officer and Owner of ROSS WINDOW CORP.

10. Upon information and belief, Individual Defendants MICKY ROSS and EVAN ROSS are senior executive officers of ROSS WINDOW CORP.

11. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. Individual Defendants are each principals and senior executive officers of the Corporate Defendant named herein and are each "employers" (as defined under the FLSA and NYLL) of Plaintiff.

13. Each of the Individual Defendants listed had control over the terms and conditions of Plaintiff's employment, and those of similarly situated employees. Specifically, Individual Defendants maintained the authority to (i) fire and hire, (ii) determine rate and method of pay (iii) adjust employee work schedules, (iv) maintain employees' employment records and (v) otherwise affect the quality of employment of Plaintiff, the FLSA Collective Plaintiffs and the Class members. Moreover, Individual Defendants exercised functional control over the business and financial operations of the Corporate Defendant, and were in charge of labor relations and payroll administration.

14. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

15. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to, mechanics, installers, laborers, construction workers, and drivers) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them all overtime premium owed under the FLSA. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19. Plaintiff bring claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including, but not limited to, mechanics, installers, laborers, construction workers, and drivers) who were unjustly compensated, throughout the United States, on or after the date that is six (6) years before the

4

filing of the Complaint in this case as defined herein (the "Class Period").

20. All said persons, are referred to herein as the "Class." The Class members are readily ascertainable and their number and identities are determinable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of the persons in the Class is unknown, as the facts on which the calculation of that exact number can be determined are presently within the Defendants' sole control, there are more than forty (40) members of the Class.

22. Plaintiff's claims are typical of those claims which could be alleged by any Class member, and the relief sought is typical of the relief which would be sought by each Class member in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation, (ii) failing to pay the prevailing wage, (iii) failing to provide wage statements to Class members that list the number of regular and overtime hours that Plaintiff worked as required under the NYLL, and (iv) failing to provide wage and hour notices to Class members per requirements of the NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiff in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy– particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small as pertinent to a class action analysis; the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Both current and former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

   c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

   d) Whether Defendants failed to properly compensate Plaintiff and Class members for overtime under state and federal law for all hours worked over 40 per workweek;

   e) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the NYLL; and

   h) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by NYLL.

      i) Whether Defendants failed to pay the prevailing wage agreed upon in contracts with the City of New Yok to which Plaintiff are third-party beneficiaries.

## STATEMENT OF FACTS

27. In or about June 2008, Defendants hired Plaintiff HAMANN to work as a mechanic/window installer for Defendants' window installation firm located at 4 Mt. Vernon Avenue, Mt. Vernon, NY 10550.

28. Plaintiff HAMANN worked for Defendants until on or about June 14, 2017.

29. Specifically, prior to 2012 until in or about June 2013, Plaintiff HAMANN worked six (6) days a week for eleven (11) hours per day, for a total of sixty-six (66) hours per week. He received his compensation on a fixed salary basis, at a rate of $450 per week from in or about June 2008 until in or about June 2013.

30. From in or about June 2013 until in or about June 2015, Plaintiff HAMANN received a fixed salary of $150.00 per day. During this period Plaintiff HAMANN worked approximately nine (9) hours per day, five (5) days per week, for a total of forty-five (45) hours per week.

31. From in or about June 2015 until in or about June 2017, Plaintiff HAMANN received a fixed salary of $180.00 per day. During this period, Plaintiff HAMANN worked approximately nine (9) hours per day, five (5) days per week, for a total of forty-five (45) hours per week.

32. From in or about January 2017 until on or about June 14, 2017, Plaintiff HAMANN received a fixed salary of $225.00 per day. During this period Plaintiff HAMANN worked approximately nine (9) hours per day, five (5) days per week, for a total of forty-five (45) hours per week.

33. As employees of Defendants, Plaintiff HAMANN, and all FLSA Collective Plaintiffs and Class members, worked on job sites all around New York City and Westchester, including on construction contracts with New York City and New York State.

34. Contracts with New York City are governed by NYLL §220, which provides that the wages to be paid to laborers, workmen and mechanics upon public work shall not be less than the "prevailing wages." The "prevailing wage" is the rate of wage paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector. See New York Labor Law § 220.

35. Defendants entered into a number of contracts to install windows and perform other related construction work with the City and State of New York, at numerous locations and facilities owned and operated by the City of New York, including the NYC public schools. These projects constituted public works for purposes of NYLL § 220 and Article I §17 of the New York State Constitution.

36. A schedule of prevailing rates of wages and supplemental benefits ("Prevailing Wage Schedule") to be paid was annexed to and made a part of each public works contract entered into by Defendants. Upon further information and belief, the Prevailing Wage Schedule annexed to the Defendants' public works contracts included the schedule of prevailing wages and supplemental benefits issued for the year in which each contract was let.

37. The promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in Defendants' public works contracts was made for the benefit of all workers furnishing labor on the sites of public works; as such, the workers furnishing labor on the sites of the public works are beneficiaries of the contracts between Defendants and the state agencies that let the public works contracts.

38. Though New York City or New York State paid $90.00 per hour for each worker, Defendants continued to pay Plaintiff, FLSA Collective Plaintiffs and Class members their regular fixed weekly salaries, which are well below this amount.

39. Defendants also knowingly and willfully violated the rights of Plaintiff, FLSA Collective Plaintiffs and the Class Members by paying them on a salary basis, in violation of the NYLL, because they were non-exempt employees who must be paid on an hourly basis.

40. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

41. At no time during the relevant time periods did Defendants provide Plaintiff, FLSA Collective Plaintiffs or Class members with wage and hour notices or wage statements that list the number of regular and overtime hours that Plaintiff worked, as required by NYLL.

42. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

43. Plaintiff realleges and reavers by reference all allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

44. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

45. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

46. Upon information and belief, at all relevant times, Defendant had gross revenues in excess of $500,000.

47. Defendants failed to properly disclose or apprise Plaintiff, FLSA Collective Plaintiffs and the Class of their rights under the FLSA.

48. Defendants willfully violated Plaintiff's rights by paying them on a fixed salary basis, in violation of the FLSA.

49. At all relevant times, Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their refusal to compensate Plaintiff, FLSA Collective Plaintiffs and the Class at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such overtime compensation was due.

50. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff, FLSA Collective Plaintiffs and the Class suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages.

51. Records, if any, concerning the number of hours worked by and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by

appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

52. Plaintiff are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

53. Plaintiff realleges and reavers by reference all allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

54. At all relevant times, Plaintiff were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

55. Defendants willfully violated Plaintiff's rights by paying them on a salary basis, in violation of the NYLL because Plaintiff are non-exempt employees who must be paid on an hourly basis.

56. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

57. Defendants knowingly and willfully operated their business with a policy of not providing wage statements to Plaintiff and other non-exempt employees that list the number of regular and overtime hours worked, in violation of the NYLL.

58. Defendants knowingly and willfully operated their business with a policy of not providing wage notices to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the NYLL.

59. Due to the Defendants' NYLL violations, Plaintiff are entitled to recover from Defendants their unpaid overtime, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

### COUNT III

### BREACH OF PUBLIC WORKS CONTRACTS

60. Plaintiff realleges and reavers by reference all allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

61. Upon information and belief, the public works contracts entered into by Defendants contained schedules of the prevailing rates of wages and supplemental benefits, and provisions requiring the payment of such, to Plaintiff and other members of the Class.

62. Defendants knowingly and willfully failed to notify all Plaintiff and Class members of the prevailing rates of wages for their particular job classifications in writing and on their pay stubs in violation of NYLL § 220 (3) (a) (ii).

63. Defendants breached the public works contracts and violated NYLL § 220 by willfully failing to pay to Plaintiff and the other Class members the prevailing rates of wages and supplemental benefits for all labor performed upon the public works projects.

64. Because Defendants breached each public works contract, they are liable to Plaintiff and the other Class members in an amount to be determined at trial, plus interest, costs and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the NYLL;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the NYLL;

f. An award of unpaid prevailing wages pursuant to NYLL § 220.

g. An award of statutory penalties, and prejudgment and post-judgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

i. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of the Class; and

l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 16, 2018                    Respectfully submitted,

                                By:        *s/ C.K. Lee*
                                           C.K. Lee, Esq.

                                           LEE LITIGATION GROUP, PLLC
                                           C.K. Lee (CL 4086)
                                           Anne Seelig (AS 3976)
                                           30 East 39th Street, Second Floor
                                           New York, NY 10016
                                           Tel.: (212) 465-1188
                                           Fax: (212) 465-1181

                                           *Attorneys for Plaintiff, FLSA Collective Plaintiff and the Class*